UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE,<br><br>  Plaintiff,<br><br>  vs.<br><br>TONY HERRERA,<br><br>  Defendant. | Case No.: 12-cv-04256-YGR<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

This is the third removal filed by Tony Herrera ("Defendant") of the same state court unlawful detainer action. On January 30, 2012, Defendant removed an unlawful detainer case from Solano County, Case No. FCM125823. (*See* Case No. 12-cv-00481-JSW ("First Case") at Dkt. No. 1.) Defendant removed in the First Case pursuant to 28 U.S.C. section 1331. He asserted federal question jurisdiction existed based on the fact that "Defendant strongly believes that he has been discriminated" against in violation of the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"). The Court remanded that action based on a lack of federal question jurisdiction. (*See* Dkt. No. 10 in First Case.) The Court also denied Defendant's application to proceed *in forma pauperis*. (*Id.*)

On June 11, 2012, Defendant removed the same unlawful detainer case (Case No. FCM125823) from Solano County. (*See* Case No. 12-cv-02995-RS ("Second Case") at Dkt. No. 1.) This time, Plaintiff asserted that diversity jurisdiction existed in addition to federal question jurisdiction. Plaintiff moved to remand and sought an award of reasonable attorney's fees and costs and a bar on any future removals of this action. (*See* Second Case at Dkt. No. 10) The Court granted the motion to remand and denied Plaintiff's request for fees and costs, but cautioned

1  Defendant that "any further attempts to remove this case absent an objectively reasonable basis for
2  federal jurisdiction will result in the imposition of such sanctions." (*Id.*)

3  On August 13, 2012, Defendant removed the same unlawful detainer action (Case No.
4  FCM125823) for the third time, which was assigned to this Court. (Dkt. No. 1-1 at Notice of
5  Removal.) Plaintiff has filed a Motion to Remand Case, Request for Attorneys' Fees and Costs,
6  and Request to Bar Future Removals ("Motion to Remand"). (Dkt. No. 8.) Defendant has not filed
7  a response.

8  Defendant re-asserts all bases of removal that he asserted in the First and Second Cases,
9  namely federal question jurisdiction under the PTFA and that he has been discriminated against.
10 (Notice of Removal at 1–2.) The Court has now twice remanded this action after concluding
11 federal question jurisdiction did not exist. While the Court notes that Defendant now references 42
12 U.S.C section 1983 in the caption, the analysis is no different under 28 U.S.C. § 1331. The well-
13 pleaded complaint rule applies, and removal jurisdiction does not lie based on a potential or
14 anticipated defense or counterclaim that might raise a federal question. *Caterpillar Inc. v.*
15 *Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*,
16 463 U.S. 1, 7–8 (1983). Defendant also claims that diversity jurisdiction exists. (Notice of
17 Removal at 2.) However, the Complaint indicates that the amount demanded does not exceed
18 $10,000. As such, removal cannot be based on diversity jurisdiction. 28 U.S.C. §§ 1441(b) &
19 1332(a).

20 Plaintiff seeks to prohibit Defendant from further removing the state court unlawful detainer
21 action and contends that each of Plaintiff's removals have been made in bad faith to interfere with
22 Plaintiff's execution of its Judgment. (Motion to Remand at 9.) **The Court agrees that**
23 **Defendant's repeated removals are improper.** However, giving every benefit of the doubt to
24 Defendant that he had an new, objectively reasonable basis for removal, the Court declines to
25 award Plaintiff costs and fees based on this removal.

26 Defendant is hereby advised that he **may not** "remove the same action [multiple times]
27 where each removal is based on the same grounds." *St. Paul & C. Ry. Co. v. McLean*, 108 U.S.
28 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *S.W.S.*

2

*Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996)). **Defendant is also advised that further removals may result in costs and expenses being awarded to Plaintiff following a motion to remand under 28 U.S.C. section 1447(c).**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is hereby **REMANDED** to the Solano County Superior Court. This Order terminates Dkt. No. 8 and all pending hearing dates are **VACATED**. The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Solano County Superior Court.

Defendant's Application to Proceed *in Forma Pauperis* is **DENIED AS MOOT**. In addition, the Court notes that Plaintiff failed to list the First and Second Cases in the prior lawsuits section of his Application, which is also inappropriate. This Order terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: September 24, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**